UNITED STATES of America,
Plaintiff—Appellee,

v.

Nicolas Lopez RODRIGUEZ, a/k/a Nick, Nico, Aurelio Rodriguez, Jose Luis Camarena Castillo, and Nicolas Rodriguez Lopez, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Kedrin Kizzee, a/k/a Chase, a/k/a Robert F. Chase, a/k/a Michael Richard Roberts, Defendant—Appellant.

Nos. 03–50335, 03–50369.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 16, 2005.

Ronald L. Cheng, Esq., Lisa M. Feldman, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerry D. Whatley, Santa Barbara, CA, Tina Long Rippy, Esq., Whittier, CA, for Defendants–Appellants.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Appellants Nicolas Rodriguez and Kedrin Kizzee challenge (1) their convictions for conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and (2) their sentences. We affirm their convictions but remand their sentences pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

The appellants challenge their convictions by claiming that the evidence obtained through two wiretaps should have been suppressed. The appellants allege, as they did below, that the first wiretap affidavit failed to establish "necessity." Kizzee alone claims, as he did below, that the second wiretap affidavit contained false statements and failed to establish necessi-

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ty. None of these arguments are persuasive.

First, the affidavit supporting the initial wiretap makes clear that investigative procedures other than a wiretap had been tried but failed to develop important evidence and identify key suspects; namely, the police could not identify the conspiracy's drug suppliers and associates. That some of the "other investigative tools" had some success is immaterial because success in developing some evidence does not indicate that a wiretap is unnecessary. *See United States v. Bennett,* 219 F.3d 1117, 1122 (9th Cir.2000) (necessity shown where government could not identify extended members of drug conspiracy, although normal investigative techniques yielded other evidence). Moreover, contrary to the appellants' assertion, some "boilerplate" language in the wiretap affidavit does not defeat its showing of necessity because the specific facts enumerated in the affidavit support such language. Finally, as to the appellants' discrete arguments regarding the specific investigative techniques described in the affidavit, we agree with Judge Feess's adept and thorough analysis in his order denying the appellants' motion to suppress.

Second, we find no false statements or misrepresentations in the second wiretap affidavit Kizzee challenges, and we find no clear error in Judge Feess's finding to that effect. *See United States v. Carneiro,* 861 F.2d 1171, 1176 (9th Cir.1988) ("Underlying factual findings of the district court, concerning misleading statements and omissions, are reviewed under the clearly erroneous standard."). Furthermore, we agree with Judge Feess that this wiretap affidavit successfully established the necessity for the wiretap for the reasons we

have explained regarding the first wiretap. The second affidavit included detailed information as to why this wiretap was necessary to investigate a new target. Again, we agree with Judge Feess's succinct analysis on this point and others in his order denying appellant Kizzee's motion for reconsideration.

Finally, because the appellants indicated at oral argument that they wish to pursue resentencing, we remand the sentencing challenges raised by the appellants, pursuant to *Ameline,* 409 F.3d at 1084, for proceedings consistent with *Ameline*'s requirements.

**AFFIRMED in part and REMANDED.**